IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal Case No. |
| | ) 1:20-cr-00027 |
| v. | ) |
| | ) |
| INDIVIOR SOLUTIONS INC., | ) |
| | ) |
| Defendant. | ) |

**OBJECTION TO SEALING, MOTION TO INTERVENE, AND MOTION TO UNSEAL OF CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, AND CITY OF STERLING HEIGHTS POLICE & FIRE RETIREMENT SYSTEM**

City of Birmingham Retirement and Relief System ("Birmingham"), City of Pontiac General Employees' Retirement System ("Pontiac"), and City of Sterling Heights Police & Fire Retirement System ("Sterling Heights") (collectively, the "Intervenors"), by and through their undersigned counsel, hereby move to intervene in this action for the limited purpose of seeking an order unsealing the sentencing memoranda and attachments thereto filed under seal by counsel for Indivior Solutions Inc. ("Indivior Solutions") (ECF No. 28), and counsel for the United States of America (ECF No. 21) ("Sealed Documents").

**I.   INTRODUCTION**

The Intervenors are plaintiffs in a litigation currently pending in the U.S. District Court for the Southern District of New York, captioned *City of Sterling Heights Police & Fire Retirement System et al. v. Reckitt Benckiser Group Plc et al.*, No. 1:20-cv-10041 (S.D.N.Y. 2020) ("*City of*

*Sterling Heights*"), in which Shaun Thaxter ("Thaxter"), the former CEO of Indivior,[1] and Reckitt Benckiser Group plc ("Reckitt"), Indivior's former parent company, are among the defendants. The Intervenors are pursuing claims under the federal securities laws on behalf of a putative class of purchasers of Reckitt's American Depositary Shares and ordinary shares from July 28, 2014 through April 9, 2019. *See City of Sterling Heights*, ECF No. 37 at ¶1.

The First Amendment and the common law each independently protect the public's right of access to judicial records, and presumptions of access clearly apply to the Sealed Documents. Bare allegations of reputational harm to a criminal defendant are insufficient to outweigh the public's interest in access. As explained below, to the best of the Intervenors' knowledge, Indivior Solutions has not identified any compelling or countervailing interests to support keeping the Sealed Documents hidden from the public. Additionally, access to the Sealed Documents, which likely reflect Indivior Solutions' and the United States' arguments concerning leniency in sentencing, would enable the public to evaluate the handling of a case involving misconduct related to the opioid crisis, a matter of national concern. Accordingly, the Intervenors respectfully request that the Sealed Documents be unsealed, or if necessary, unredacted to the greatest extent possible.

## II.     FACTUAL BACKGROUND

### A.     The Intervenors' Interest in the Sealed Documents

The Intervenors' allegations in *City of Sterling Heights* center on Thaxter, Reckitt, and the other defendants' scheme to mislead investors and the public regarding the health and safety of Suboxone Film. *See* ECF No. 37 at ¶2-5. Indivior, which markets and distributes Suboxone, was formerly a wholly owned subsidiary of Reckitt known as Reckitt Benckiser Pharmaceuticals

---

[1]     Indivior PLC, Indivior Inc., and Indivior Solutions are collectively referred to herein as "Indivior."

("RBP")[2] until Reckitt demerged it in December 2014. *Id.* at ¶125-29. Thaxter served as the CEO of RBP both before and after its separation from Reckitt, becoming the CEO of Indivior after the demerger. *Id.* at ¶27. Many of the Intervenors' allegations, as well as the charges against Indivior Solutions in this case, concern conduct that occurred before its demerger from Reckitt. *Id.* at ¶44-124.

The Intervenors allege that the defendants in the *City of Sterling Heights* action engaged in a campaign of false and misleading statements to induce physicians and patients to switch from Suboxone Tablet, which would be subject to generic competition starting in October 2009 that could wipe out 80% of Reckitt's Tablet sales, to Suboxone Film, a new formulation with patent protection until 2023. *Id.* at ¶5. The Intervenors allege that the defendants deceived investors, physicians, patients, and healthcare-benefit programs into believing that Suboxone Film was safer and less susceptible to accidental child exposure (*i.e.*, children taking Suboxone by accident) and diversion (*e.g.*, illegal selling, sharing, and smuggling of Suboxone) than Suboxone Tablets, despite express knowledge to the contrary. *Id.*

The Information filed against Indivior Solutions in this action outlines conduct that further supports the Intervenors' allegations, detailing the distribution of false and misleading pediatric-exposure data to the Massachusetts Medicaid program, MassHealth, in 2011 and 2012, in connection with RBP's efforts to win coverage for Suboxone Film. *See U.S. v. Indivior Sols. Inc.*, No. 1:20-cr-00024 (W.D. Va. July 24, 2020), ECF No. 1. Thus, the Sealed Documents are directly relevant to Intervenors' ongoing litigation against Thaxter and Reckitt, and the Intervenors have a concrete interest in viewing them. Further, promoting public scrutiny of the judicial process is

---

[2]   Indivior Solutions was formerly a division of RBP known as Reckitt Benckiser Pharmaceuticals Solutions, Inc. *See* ECF No. 10 at 12.

particularly important in this case, which involves misconduct related to marketing an opioid drug in the midst of a nationwide opioid crisis.

### B.     Procedural History of the Sealed Documents

On July 24, 2020, Indivior Solutions pleaded guilty to a one-count felony information charging false statements relating to healthcare matters for the statements made to MassHealth regarding Suboxone Film.  *Id*.

On October 20, 2020, the United States moved for an order temporarily sealing its sentencing memorandum and accompanying exhibits to allow Indivior and Thaxter the opportunity to move for the materials to be permanently sealed, but maintained its position that the documents should not be sealed.  ECF No. 19.  The motion was granted and the United States then filed its sentencing memorandum and exhibits under seal on October 21, 2020.  ECF Nos. 20-21.

Indivior Solutions filed a motion to seal its own sentencing memorandum and exhibits on November 6, 2020 (ECF No. 23), which was granted on November 9, 2020.  ECF No. 24.  Indivior Solutions then filed its sentencing memorandum and exhibits under seal on November 10, 2020.  ECF No. 28.

Indivior Solutions has not filed a subsequent motion addressing the propriety of permanently sealing the Sealed Documents, and this Court has not yet ruled on the issue.

### III.    ARGUMENT

#### A.     The Intervenors Have Standing to Intervene and Request Unsealing

"Any person or entity, whether a party or not, may object to a motion to seal a document or may file a motion to unseal a document previously sealed."  W.D. Va. Gen. R. 9(b)(4); *see also RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-cv-00066, 2020 WL 2616516, at *2 (W.D. Va. May 22, 2020); *Doe v. Pub. Citizen*, 749 F.3d 246, 263 (4th Cir. 2014) ("the right of access is widely shared among the press and the general public alike, such that anyone who seeks and is denied

access to judicial records sustains an injury."). Thus, the Intervenors have standing to intervene and request that the Sealed Documents be unsealed.

      **B.    The Intervenors Have a Constitutional and Common-Law Right of Access to the Sealed Documents**

It is well-settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings, arising from both the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. *See Pub. Citizen*, 749 F.3d at 265-66. The Sealed Documents at issue here are judicial documents or records because they were filed with the Court and "play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).

The right of access ensures that "the public [may] participate in and serve as a check upon the judicial process – an essential component in our structure of self-government." *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). As a result, "the right of public access, whether arising under the First Amendment or the common law, 'may be abrogated only in unusual circumstances.'" *Pub. Citizen*, 749 F.3d at 266 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)). To the best of the Intervenors' knowledge, no unusual circumstances exist here.

While the First Amendment and the common law each provide an independent basis for unsealing here, the Intervenors meet the standards required for access under both.

       **1.**       **The First Amendment Right of Access Justifies Unsealing the Sealed Documents**

           **a.**       **The First Amendment Presumption of Access Applies to Documents Filed in Connection with Criminal Sentencings**

The public's right to access documents under the First Amendment is narrower in scope than the common-law right to access but stronger in force. *See U.S. v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020). The First Amendment's application turns on "two factors: historical tradition and the function of public access in serving important public purposes." *Id*. at 146 (citing *In re Wash. Post Co.*, 807 F.2d 383, 389 (4th Cir. 1986)). The first factor, historical tradition, asks whether the document or proceeding in question was traditionally open to the public. *Id*. (citing *Wash. Post*, 807 F.2d at 389). The second factor asks whether public access would curb "prosecutorial or judicial misconduct" and further "the public's interest in understanding the criminal justice system." *Id.*

The Fourth Circuit has held that the First Amendment right applies to sentencings and plea hearings, as well as to documents filed in connection with those proceedings. *Id*. (citing *Wash. Post*, 807 F.2d at 390) ("the First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearings themselves"). Numerous district courts within the Fourth Circuit and nationwide have applied the First Amendment right of access to unseal sentencing memoranda, or have acknowledged that both the First Amendment and common-law standards would apply. *See, e.g.*, *U.S. v. Stier*, No. 2:17-cr-00054, 2018 WL 1787888, at *3 (S.D. W.Va. Apr. 13, 2018) ("[S]entencing memoranda and the exhibits attached thereto are analyzed under the First Amendment's more stringent standard."); *U.S. v. Cannon*, No. 3:14-cr-00087-FDW, 2015 WL 3751781, at *4 (W.D.N.C. June 16, 2015) (finding a First Amendment and common-law right to

access portions of the defendant's sentencing memorandum that referenced information in the pre-sentence report); *U.S. v. Taylor*, No. 5:07-cr-00123, 2008 WL 161900, at *2 (S.D. W.Va. Jan. 15, 2008) (concluding that the First Amendment right of access attaches to a sentencing memorandum filed by a defendant); *U.S. v. Pasqua*, No. 16-cr-591 (NSR), 2020 WL 7338082, at *6 (S.D.N.Y. Dec. 12, 2020) ("It is well-recognized that the public has a strong right to sentencing memoranda under the First Amendment and the common law right to judicial records.").

Thus, the Sealed Documents are entitled to the First Amendment's presumption of access.

### b.     There Is No Compelling Interest to Justify Sealing

If the Court finds that the First Amendment presumption of access applies to the Sealed Documents, the Court may continue to restrict access to the documents only on the basis of a government compelling interest, and only if the restriction is narrowly tailored to serve that interest. *See Globe Newspaper*, 457 U.S. at 607 (finding a compelling government interest in protecting minor victims of sex crimes from further trauma and embarrassment). This creates a high bar to completely seal documents, because even where compelling interests exist, redactions are often found to be narrowly tailored to serve those interests, rather than a complete sealing. *See, e.g.*, *U.S. v. Fretz*, No. 7:02-cr-67-1-F, 2012 WL 1655412, at *3 (E.D.N.C. May 10, 2012) (recognizing a compelling government interest in safeguarding the physical and psychological well-being of minors, and allowing a redacted version of a motion for downward departure from sentencing guidelines, detailing instances of abuse directed at minors, to be filed publicly).

The Court would not need to address the question of narrow tailoring in this action because Indivior Solutions has not articulated any interest beyond the fact that the Sealed Documents "make reference to documents already filed under seal by the government." *See* ECF No. 23. Protecting Indivior from personal embarrassment and/or reputational harm is not a compelling interest, and the Intervenors are unaware of other applicable arguments. *See Pub. Citizen*, 749

F.3d at 269-70 ("A corporation very well may desire that the allegations lodged against it in the course of litigation be kept from public view to protect its corporate image, but the First Amendment right of access does not yield to such an interest."); *Companion Prop. & Cas. Ins. Co. v. Wood*, No. 3:14-CV-03719-CMC, 2017 WL 279767, at *2 (D.S.C. Jan. 23, 2017) ("[A] company's bare interest in reputational harm does not warrant sealing under either the First Amendment or common-law standards."). The interests that courts have found sufficiently compelling to justify sealing under the First Amendment have included a defendant's right to a fair trial before an impartial jury, protecting the privacy rights of trial participants such as victims or witnesses, and risks to national security. *See Pub. Citizen*, 749 F.3d at 270. No such circumstances appear to apply here, establishing that the Sealed Documents cannot properly remain under seal.

    **2.**    **The Common Law Right of Access Alternatively Justifies Unsealing the Sealed Documents**

        **a.**    **The Common Law Right of Access Extends to All Judicial Documents and Records**

In the alternative, if this Court determines that the First Amendment is inapplicable here, the common law provides a clear right of access. The common law presumptive right of access extends to all judicial documents and records, and it can only be rebutted by showing that "countervailing interests heavily outweigh the public interests in access." *Pub. Citizen*, 749 F.3d at 265-66 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). As discussed above, the Sealed Documents certainly fall under the category of "judicial documents and records" and are thus protected by this presumptive right of access. *See Harris*, 890 F.3d at 491-92 (applying the common law right of access to analyze the propriety of sealing a sentencing memorandum).

In balancing countervailing interests with the public interest in access, courts may consider: (1) whether the subject matter is traditionally considered private; (2) the injury the resisting party would suffer if the privacy interest were not protected; (3) whether the person seeking the unsealing has an improper purpose; (4) whether the public already has access to the information in the sealed documents; and (5) whether release would enhance the public's understanding of an important event. *RLI Ins.*, 2020 WL 2616516, at *2 (citing *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 293)). In addition, courts "should consider less restrictive alternatives to sealing that provide an adequate record for review," and should state "the reasons for [their] decision[s] with specific findings." *Harris*, 890 F.3d at 491-92.

### b. Countervailing Interests Do Not Heavily Outweigh the Public Interest in Access

The countervailing interests in sealing do not justify restricting public access to the Sealed Documents. The subject matter at issue here is not traditionally considered private, the Intervenors do not have an improper purpose such as unfairly gaining a business advantage, and the public does not already have access to the information in the Sealed Documents. *Cf. Accreditation Comm'n for Health Care, Inc. v. NextLOGiK, Inc.*, No. 5:20-cv-46-M, 2020 WL 2542601, at *2 (E.D.N.C. May 19, 2020) (weighing the common law presumption of access against revealing confidential and proprietary business information, as well as business functions and advantages, which were not generally available or bearing importance to the general public); *Benedict v. Hankook Tire Co.*, 323 F. Supp. 3d 747, 765 (E.D. Va. 2018) (weighing the common law presumption of access against the potential for an unfair business advantage and the fact that the confidential information was revealed publicly at a trial without restriction or objection).

There is also no threat of physical injury to Indivior employees. *See Doe*, 962 F.3d at 148 (weighing the defendant's cooperation with law enforcement and the likelihood of an ongoing,

significant risk to his safety resulting from providing information about members of an interstate drug-trafficking organization and individuals committing home invasion robberies, in favor of sealing documents). To the best of the Intervenors' knowledge, Indivior Solutions would not suffer an injury beyond personal reputational harm or embarrassment if the Sealed Documents were publicly available, and bare allegations of reputational harm are insufficient to heavily outweigh public interests in access under the common law. *See Companion Prop.*, 2017 WL 279767, at *2. Even where compelling interests exist, redactions of sensitive information have been preferred over complete sealings. *See Harris*, 890 F.3d at 492 (permitting the defendant to file his sentencing memorandum under seal, but requiring him to file a publicly accessible, redacted version to the extent that it identified his family and/or the nature of his cooperation with law enforcement).

Accordingly, there is no countervailing interest that outweighs the common-law right of access to the Sealed Documents.

## IV. CONCLUSION

For the reasons set forth above, the Intervenors respectfully request that this Court grant their motion to intervene and unseal the Sealed Documents, or in the alternative, un-redact the Sealed Documents to the greatest extent possible.

DATED: January 7, 2021

                                                */s Craig C. Reilly*
                                   THE OFFICE OF CRAIG C. REILLY, ESQ.
                                      CRAIG C. REILLY, VSB #20942

                                   209 Madison Street, Suite 501
                                   Alexandria, VA 22314
                                   Telephone: 703/549-5354
                                   Facsimile: 703/549-5355 (Fax)
                                   Email: craig.reilly@ccreillylaw.com

                                   *Local Counsel for Intervenors*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ALAN I. ELLMAN
SARAH E. DELANEY
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631-367-7100
631-367-1173 (fax)
srudman@rgrdlaw.com
aellman@rgrdlaw.com
sdelaney@rgrdlaw.com

*Counsel for Intervenors and Lead Counsel in City of Sterling Heights Class Action*

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
Thomas C. Michaud
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
Telephone: 248/746-2710
248/747-2809 (fax)

*Additional Counsel for Intervenors*